UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------ x
DEREK LACHANCE,                 :
                                :
          Plaintiff,            :
                                :
v.                              :  Civil No. 3:20-cv-236(AWT)
                                :
HARTFORD HEALTHCARE CORPORATION, :
                                :
          Defendant.            :
------------------------------ x

<u>RULING ON MOTION TO DISMISS</u>

Plaintiff Derek LaChance brings this action against defendant Hartford Healthcare Corporation claiming, in the First Count, wrongful termination based on his gender in violation of Conn. Gen. Stat. § 46a-60(b)(1); in the Second Count, wrongful termination based on his status as a veteran, in violation of Conn. Gen. Stat. § 46a-60(b)(1); in the Third Count, wrongful termination based on his gender, in violation of 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"); in the Fourth Count, wrongful termination based on his status as a veteran in violation of 38 U.S.C. § 4301 <u>et seq.</u> ("USERRA"); and in the Fifth Count, nonpayment of wages and fringe benefits, in violation of Conn. Gen. Stat. §§ 31-71c and 31-76k.

The defendants have moved to dismiss the Second, Fourth and Fifth Counts pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). The plaintiff does not contest the motion with respect

to the Second and Fourth Counts, so the motion is being granted
as to those counts. Also, for the reasons set forth below, the
motion to dismiss the Fifth Count is being denied.

## I. Factual Allegations

The Complaint, "which [the court] must accept as true for
purposes of testing its sufficiency," alleges the following
circumstances. Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir.
1997). The defendant operates Backus Hospital. On or about July
16, 2018, the plaintiff was hired to work at Backus Hospital as
a Nurse Manager. The plaintiff was the only male among the seven
Nurse Managers under the supervision of Daryl Hurlock
("Hurlock"), a woman who was Director of Patient Services. At
the beginning of November 2018, Hurlock extended the plaintiff's
probationary period by one month. At the beginning of December
2018, Hurlock told the plaintiff that she was satisfied with his
improvement.

On or about December 11, 2018, Hurlock informed the
plaintiff that a complaint had been filed against him by the
president of the union and that he should not report to work the
next day. On December 12, 2018, Kelly Schenking ("Schenking"),
who was in the human resources department, told the plaintiff
not to come to work until December 14, 2018 and that he would be
paid during the investigation of the complaint. On or about
December 14, 2018, the plaintiff reported to the human resources

-2-

department. During a meeting with Hurlock and Schenking, the plaintiff was given a choice between resigning and termination of his employment. The plaintiff declined to resign and was fired. The plaintiff alleges that he was "not paid out a severance or a leave balance after termination in violation of the defendant's policies and practice." Compl. ¶11.

## II. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted).

However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

## III. Discussion

Under Connecticut law, "[w]hen any employer fails to pay an employee wages[1] in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . shall recover . . . twice the full amount of such wages with costs and

---

[1] "Wages means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. § 31-71a(3) (internal quotations omitted).

such reasonable attorney's fees as may be allowed by the court."
Conn. Gen. Stat. § 31-72. "The use of the disjunctive 'or' [in
General Statutes § 31-72] clearly indicates that compensation in
accordance with § 31-76k is distinct from wages" as defined by
Conn. Gen. Stat. § 31-71a(3). Fulco v. Roman Catholic Diocesan
Corp., 27 Conn. App. 800, 805 (1992). Conn. Gen. Stat. § 31-76k
provides:

> "If an employer policy . . . provides for the payment
> of accrued fringe benefits upon termination, including
> but not limited to paid vacations, holidays, sick days
> and earned leave, and an employee is terminated
> without having received such accrued fringe benefits,
> such employee shall be compensated for such accrued
> fringe benefits . . ."

Conn. Gen. Stat. § 31-76k. The plaintiff has adequately alleged
a violation of § 31-72 because of a failure to compensate him
for accrued fringe benefits in accordance with § 31-76k but has
not alleged a violation based on a failure to pay him wages.

Neither severance pay nor unpaid leave is "wages" for
purposes of § 31-72. "In contrast to wages, severance pay is
defined as a kind of accumulated compensation for past services
and a material recognition of their past value." Drybrough v.
Acxiom Corp., 172 F. Supp. 2d 366, 371 (D. Conn. 2001) (quoting
Justin v. AMA Ltd., No. CV92 29 33 60, 1993 WL 213707, at *2
(Conn. Super. Ct. June 8, 1993)) (internal quotations omitted).
See also McGowan v. Administrator, 153 Conn. 691, 693-694 (Conn.

1966) (holding, in construing a Connecticut unemployment compensation statute, that "severance pay cannot be considered wages"). With respect to the claim for the "leave balance", § 31-76k explicitly provides that fringe benefits includes "earned leave", so it is not "wages".

With respect to the plaintiff's claim for accrued fringe benefits, as noted above, § 31-76k explicitly provides that fringe benefits includes earned leave. As to severance, in Woolley v. Bank of Bos. Connecticut, No. 115069, 1994 WL 380421 (Conn. Super. Ct. July 13, 1994), after analyzing the wording and purpose of § 31-76k, the court concluded that "the term 'accrued fringe benefits' includes severance pay." Id. at *3. The court's analysis was as follows:

> The statute's plain language indicates that "accrued fringe benefits" are not limited to those specifically listed. Under the rule of ejusdem generis, " 'unless a contrary intent appears, where general terms are followed by specific terms in a statute, the general terms will be construed to embrace things of the same general kind or character as those specifically enumerated....' " (Citations omitted.) Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 104 n. 31, 612 A.2d 1130 (1992).
>
> It appears to the court that the general term "accrued fringe benefits" embraces severance pay because severance pay is of the same general kind or character as those specific items listed in § 31-76k, i.e., paid vacations, holidays, sick days and earned leave. Our Supreme Court has characterized severance pay as " 'a kind of accumulated compensation for past services and a material recognition of their past value.' " (Citations omitted.) Mace v. Conde Nast Publications,

<u>Inc.</u>, 155 Conn. 680, 683, 237 A.2d 360 (1967). Paid vacations, holidays, sick days and earned leave also constitute " 'a kind of accumulated compensation for past services and a material recognition of their past value.' " <u>Id.</u>

<u>Id.</u> In <u>Stoddard v. WBM Plaza, LLC</u>, the court came to the oppisite conclusion. No. CV054007856, 2006 WL 932332, at *4 (Conn. Super. Ct. Mar. 21, 2006)("If the legislature in enacting § 31-72 or amending § 31-72 did not intend to include benefits such as severance pay within the meaning of wages as used in the statute, then it would be illogical to conclude that the legislature intended that § 31-76k would include severance pay when § 31-76k does not specify severance pay in its list of fringe benefits."). But the reasoning in <u>Stoddard</u> does not take into account the fact that § 31-76k contains the words "including but not limited to".

"While entitlement to attorney's fees and double recovery under Section 31-72 is permitted for fringe benefits covered by Section 31-76k, such double recovery is available for fringe benefits only if they are owed pursuant to a[n] employer policy or collective bargaining agreement." <u>Liebman v. Licom, Inc.</u>, No. 3-03-CV-1808 (JCH), 2006 WL 8448123, at *10 (D. Conn. June 13, 2006) (citing <u>Fulco</u>, 27 Conn. App. at 806-807) (internal quotations omitted); <u>see also</u> <u>Woolley</u>, 1994 WL 380421, at *3 ("In order to establish a violation of § 31-76k, the plaintiff

is required to show the existence of an "employer policy" of
payment for accrued fringe benefits at the time of his job
termination."); Backert v. BIC Corp., No. CV000376394, 2002 WL
31045956, at *3 (Conn. Super. Ct. Aug. 9, 2002) ("The statutory
language of § 31-76k requires a plaintiff to allege the
existence of an employer policy or collective bargaining unit to
demonstrate a cause of action."); Roos v. Friendly's Ice Cream
Corp., No. CV 99334978S, 1999 WL 1212252, at *4 (Conn. Super.
Ct. Dec. 2, 1999) ("The statutory language is clear that the
plaintiff must allege the existence of an employer policy or
collective bargaining agreement to establish a cause of action
under § 31-76k."); Mislow v. Continuing Care of South Windsor,
No. CV000443654S, 2001 WL 399907, at *2 (Conn. Super. Ct. Apr.
2, 2001) ("In Fulco . . . the court ruled that in order to state
a claim under C.G.S. § 31-76k, a plaintiff must plead either the
existence of an employer policy or a collective bargaining
agreement.").

Here, drawing inferences in a light most favorable to the
plaintiff, he has adequately alleged that accrued fringe
benefits are owed to him pursuant to an employer policy.
Paragraph 11 of the Complaint alleges in substance that the
defendant had policies pursuant to which, and a practice under
which, employees received upon termination of their employment
severance pay and a payment based on their unused accrued leave.

Therefore, the motion to dismiss is being denied as to the Fifth Count.

**IV. Conclusion**

For the reasons stated above, the defendant's Motion to Dismiss (ECF No. 15) is hereby GRANTED as to the Second and Fourth Counts, and DENIED as to the Fifth Count.

It is so ordered.

Dated this 19 day of June 2020, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge